UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BETTY L. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | 3:08-CV-127 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 13], and the defendant's Motion For Summary Judgment. [Doc. 17]. Plaintiff Betty L. Wilson seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## PROCEDURAL HISTORY

On December 12, 1988, after a hearing, plaintiff was found to be disabled as of September 15, 1985 (Tr. 50-58). On November 14, 1994, after the agency conducted a continuing disability review, the agency determined that plaintiff's disability continued due to knee pain status post-meniscectomy, tendonitis with probable neuritis of the right hand and tendonitis of the wrist (Tr. 59-64, 86-95). In November 2001, based on a continuing disability review, the agency determined that

plaintiff was no longer disabled as of November 30, 2001 (Tr. 65-67, 96-104A, 135-36). Plaintiff's request for reconsideration of cessation of DIB was denied (Tr. 68-81, 105-12, 140). Plaintiff requested and received a de novo hearing on November 5, 2004, before an Administrative Law Judge (ALJ) (Tr. 82-83, 113-18, 288-306). The ALJ issued an unfavorable decision on March 21, 2005 (Tr. 40-49). Pursuant to Plaintiff's request for review, the Appeals Council remanded the case for further proceedings (Tr. 36-39, 207-10). Plaintiff received a supplemental hearing on March 16, 2006 (Tr. 24-35, 270-87). Plaintiff and a vocational expert testified (Tr. 228-32, 270-87). On May 17, 2006, the ALJ found that there was medical improvement related to plaintiff's ability to work, and she was no longer disabled as of November 30, 2001 (Tr. 13-23). The ALJ also found that plaintiff was not disabled at any time from the date her benefits were ceased, November 30, 2001, through the date of his decision (Tr. 19, 23). The Appeals Council denied plaintiff's request for review, making the ALJ's May 17, 2006 decision the final decision of the Commissioner (Tr. 7-12, 267-69). see 20 C.F.R. § 404.981. Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

The ALJ established that plaintiff's comparison point decision date was November 14, 1994, her most recent favorable medical decision finding plaintiff to be disabled (Tr. 19). To determine whether there has been medical improvement in plaintiff's condition, the severity of her condition on November 14, 1994, is compared to the severity of her condition on November 30, 2001, the date the ALJ found her disabling condition had ceased (Tr. 19-23). 20 C.F.R. § 404.1594(b)(1), (b)(7). The ALJ determined that, through November 30, 2001, plaintiff has not engaged in substantial

2

gainful activity (Tr. 20). As of November 30, 2001, plaintiff's impairment or combination of impairments were not of listing-level severity (Tr. 20). The ALJ determined that plaintiff's condition had medically improved as of November 30, 2001, and the medical improvement was related to her ability to work (Tr. 20-21). The ALJ found that plaintiff has "severe" impairments but since November 20, 2001, despite her impairments, plaintiff could perform light exertional work that entailed no rapid, repetitive work with the right thumb and only occasional use of the right hand for overhead work[1] (Tr. 20-21). Relying on vocational expert testimony, the ALJ concluded that plaintiff could perform a significant number of jobs in the national economy (Tr. 21-22, 283). The ALJ found that plaintiff had medical improvement that was related to her ability to work and that she had the ability to engage in substantial gainful activity and, therefore, was no longer entitled to a period of disability or DIB as of November 30, 2001 (Tr. 22-23).

## STANDARD OF REVIEW

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing

---

[1]Light work involves lifting and carrying up to 10 pounds frequently and 20 pounds occasionally, and standing and/or walking up to about six hours in an eight-hour workday. 20 C.F.R. § 404.1567(b).

3

judge may have decided the case differently. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## **ANALYSIS**

The question in this matter is one of disability termination, not new eligibility. Therefore, the plaintiff has the "continuing burden" to show that she is disabled. Matthews v. Eldridge, 324 U.S. 319, 336 (1976).

Plaintiff argues that the ALJ erred in finding that she retained the residual functional capacity to perform a range of light work, because the ALJ "failed to give great weight" to the opinions of a physician's assistant named Ron Brock, the plaintiff's "treating source". Plaintiff argues that Brock's opinion is that plaintiff has limitations and pain which preclude the plaintiff from employment.

The Commissioner asserts that substantial evidence supports the ALJ's residual functional capacity finding for light work. The Commissioner argues that this finding was consistent with the opinions rendered by Wayne Page, M.D., consulting physician, and Donna Bardsley, vocational expert. The Commissioner argues that the ALJ properly gave "less weight" to the opinions of physician assistant Brock.

Plaintiff has the burden of proving her entitlement to benefits. I find in the present case the plaintiff has not met that burden.

First, the medical and vocational expert opinions support the ALJ's residual functional capacity ("RFC") finding for light work. Dr. Page, a consultative examiner, provided the ALJ with

4

well-supported opinions. 20 C.F.R. § 416.927(f)(2)(i) ("State agency medical and psychological consultants are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation"). Rice v. Barnhart, 384 F.3d 363, 370 (7th Cir. 2004) (ALJ was entitled to rely on the opinions of state agency doctors).

Dr. Page, the consultative examiner, opined that plaintiff could perform light work (Tr. 18-19, 21, 221, 224-27). The ALJ found that Dr. Page's opinion was more consistent with the overall evidence and gave it significant weight (Tr. 21). A medical source opinion is entitled to significant weight if it is consistent with the record as a whole and adequately supported. Dr. Page generally attributed plaintiff's abnormal clinical findings to pain behaviors, and lack of participation in the evaluation and not representative of disease (Tr. 217-21). Dr. Page consistently reported normal clinical findings. Dr. Page noted that with distraction, plaintiff placed her extremity in a normal position and she had normal ability to grasp and manipulate objects (Tr. 217). Dr. Page noted that there were no objective findings to support her flexed posture (Tr. 217). Plaintiff had no focal motor or sensory deficits and straight leg raising was negative bilaterally seated and bilaterally supine at 15 degrees with elevation terminated because of pain behavior (Tr. 220). Dr. Page's impression was 5/5 muscle strength in all groups (Tr. 219). A lumbar spine x-ray demonstrated mild degenerative disc disease, otherwise findings were negative (Tr. 223). X-ray of the right hand was negative (Tr. 223).

Plaintiff acknowledges that Mr. Brock, a physician's assistant, was not an "acceptable medical source". See 20 C.F.R. §§ 404.1502, 404.1513(d)(1). The responsibility for weighing the record evidence, including medical source opinions, and resolving conflicts therein rests with the

5

ALJ. See Richardson, 402 U.S. at 399 ("We. . . are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."); Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (it is the ALJ's duty to resolve conflicts in the evidence). The ultimate determination of whether a claimant is "disabled" within the meaning of the Act is a legal question reserved to the Commissioner and a medical source's opinion on the issue of "disability" is never entitled to any special significance. See 20 C.F.R. § 404.1527(e)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . [and a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Mr. Brock's opinion that the plaintiff was disabled is not well supported, and is inconsistent with the record evidence as a whole. The ALJ considered Mr. Brock's opinion and reasonably discounted his unsupported conclusions (Tr. 18, 21). Specifically, the ALJ found that Mr. Brock's April 2005 opinion that the plaintiff was "unable to work at this time," appeared to be based solely on plaintiff's subjective reports rather than objective clinical and laboratory findings (Tr. 18, 21). On the other hand, the ALJ considered that plaintiff was evaluated by two neurologists, Dr. Ragland and Dr. Boyer, and he noted that their findings did not support a finding of disability (Tr. 17, 20).

## CONCLUSION

Based on the Court's review of the entire record, the Court finds that the decision of the ALJ should be affirmed, and therefore, the Court **RECOMMENDS** that the plaintiff's Motion For Judgment On The Pleadings [Doc. 13] be **DENIED** and that the defendant's Motion For Summary Judgment [Doc. 17] be **GRANTED**[2].

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).